# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| RAYMOND LEE, for himself, wife and for his minor children, and SHERRIL LEE, for herself, husband and for her minor children,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND<br>ORDER DENYING MOTION FOR SANCTIONS**<br><br>Case No. 2:09-cv-00544-DN<br><br>Magistrate Judge David Nuffer |

Defendant United States of America (USA) moves to dismiss[1] the first cause of action in Plaintiffs' Second Amended Complaint[2] for lack of subject matter jurisdiction.[3] USA asserts that no cause of action exists under the Federal Tort Claims Act (FTCA)[4] "because the alleged negligent acts were not performed by employees of the United States."[5] Plaintiffs oppose[6] the motion and move for sanctions[7] against USA for allegedly misreading the allegations in the complaint and for filing multiple motions to dismiss. After carefully reviewing all the parties' filings, the court denies both motions for the reasons set forth below.

---

[1] Motion to Dismiss First Cause of Action Against the United States (Motion to Dismiss), docket no. 30, filed Oct. 13, 2009.

[2] Second Amended Complaint, docket 22, filed Sept. 24, 2009.

[3] *See* Fed. R. Civ. P. 12(b)(1).

[4] 28 U.S.C. §§ 2671 to 2680.

[5] Memorandum in Support of Motion to Dismiss First Cause of Action Against the United States (Memo in Support of Motion to Dismiss) at 1, docket no. 31, filed Oct. 13, 2009.

[6] Plaintiff's [sic] Memorandum in Opposition to Defendant United States [sic] Second Motion to Dismiss (Opposition), docket no. 37, filed Oct. 29, 2009.

[7] Motion for Sanctions Under Rule 11 FRCP (Motion for Sanctions), docket no. 39, filed Nov. 4, 2009.

**Motion to Dismiss**

Under Rule 8 of the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8]

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[9]

The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully.[10] Only a complaint that states a plausible claim for relief can survive a motion to dismiss.[11]

In this case, the Second Amended Complaint alleges medical malpractice arising from an aortobifemoral graft replacement procedure performed on Plaintiff Raymond Lee at the Salt Lake City Veteran's Administration Medical Center (VAMC) on May 17, 2007.[12] USA claims that because the only physicians named in the Second Amended Complaint, Drs. Kinikini and Mueller, are employed by the University of Utah, "the United States has not waived its sovereign immunity under the FTCA to allow this action to be heard in this Court because the alleged negligent acts were not performed by employees of the United States."[13]

---

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Id.*

[11] *Id.* at 1950.

[12] Second Amended Complaint at 2.

[13] Memo in Support of Motion to Dismiss at 1.

Plaintiffs counter that USA misreads the first cause of action "as being made solely against Drs. [sic] Kinikini and Dr. Mueller."[14] Plaintiffs assert that their first cause of action "alleges that 'agents and employees of the United States' breached their duty of care to plaintiff, without stating or implying that these 'agents and employees' are physicians or some other type of health care provider."[15] While one of the allegations of fact in the complaint states that "Daniel Kinikini, M.D. and Michelle Mueller, M.D[.] performed an aortobifemoral graft replacement procedure on Raymond Lee on May 17, 2007,"[16] it is true that the First Cause of Action does not name any doctor specifically. Instead, the allegations in the First Cause of Action state only that "agents and employees of the United States" failed to provide proper medical treatment and/or "injured the femoral nerves bilaterally during surgery on May 17, 2007."[17] Although the complaint is not the model of clarity, and the doctors named in the complaint are not employees of the United States, the medical treatment and surgery did take place at VAMC where other medical staff and employees of the United States were actively involved in Lee's treatment and surgery. Accordingly, the claims against USA are facially plausible and sufficient to survive this motion to dismiss.

## Motion for Sanctions

Plaintiffs move for sanctions against USA, arguing that the "Motion to Dismiss First Cause of Action is so lacking in attention to evidence and pleadings as to constitute a violation of

---

[14]Opposition at 4.

[15]*Id.*

[16]Second Amended Complaint at 2.

[17]*Id.* at 3.

Rule 11(b)."[18] Plaintiffs also argue that USA's filings of multiple motions to dismiss "displays an intent to harass and to create an unnecessary burden on plaintiff[s]."[19] USA responds that "a reasonable reading of the Second Amended Complaint includes only the allegedly negligent actions of Drs. Mueller and Kinikini during the May 17, 2007 surgery."[20]

Contrary to Plaintiffs' assertion, their Second Amended Complaint is not a model of clarity containing "easily discernible facts."[21] Drs. Kinikini and Mueller are the only doctors named in the paragraphs preceding the First Cause of Action. Therefore, when those paragraphs are incorporated as requested,[22] it is objectively reasonable for USA to read the First Cause of Action as alleging that Drs. Kinikini and Mueller were agents or employees of the United States that negligently caused Lee's injuries. Consequently, USA had a good faith basis to file a Motion to Dismiss based upon this reading of the complaint and the filing of the motion is not sanctionable.[23]

Moreover, Plaintiffs' assertion that USA's filing of multiple motions to dismiss was intended as harassment is unfounded. As outlined by USA, the multiple motions to dismiss

---

[18] Memorandum in Support of Plaintiffs' Motion for Sanctions Under FRCP Rule 11 (Memo in Support of Sanctions) at 1, docket no. 40, filed November 4, 2009 (citing Fed. Rule Civ. P. 11).

[19] *Id.*

[20] Memorandum in Opposition to Plaintiffs' Motion for Sanctions Under Fed. R. Civ. P. 11 (Memo in Opposition to Sanctions) at 2, docket no. 43, filed November 23, 2009.

[21] Memo in Support of Sanctions at 4.

[22] *See* Second Amended Complaint at 3 (stating under First Cause of Action, "Plaintiffs reallege and incorporate all paragraphs above.").

[23] *See Salovaara v. Eckert,* 222 F.3d 19, 34 (2nd Cir. 2000) (stating that position was not so untenable as a matter of law as to necessitate sanction).

4

were necessitated by Plaintiffs' multiple amended complaints.[24] The motions to dismiss were not identical, and each focused on a specific complaint as the basis for dismissal. USA also noted that Plaintiffs must have believed that the motions were well taken because they did not contest the first two motions to dismiss, but simply amended their complaint accordingly after the filing of each motion to dismiss.[25] In this case, the filing of multiple motions to dismiss, each directed to a specific complaint, does not "constitute the type of abuse of the adversary system that Rule 11 was designed to guard against."[26]

## ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss for Lack of Jurisdiction[27] is DENIED.

IT IS FURTHER ORDERED that the Motion for Sanctions[28] is DENIED.

DATED this 1st day of September, 2010.

BY THE COURT:

_____
DAVID NUFFER
United States Magistrate Judge

---

[24] *See* Memo in Opposition to Sanctions at 2-3.

[25] *See id.* at 3 n.1.

[26] *Salovaara,* 222 F.3d at 34 (citations omitted).

[27] Docket no. 30.

[28] Docket no. 39.