_____

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION
_____

RAYMOND & SHERRIL LEE,

                Plaintiffs,

vs.

UNITED STATES OF AMERICA,

                Defendant.

**MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

District Judge David Nuffer

Case No. 2:09CV544DN

_____

On April 24, 2012, the United States of America moved for summary judgment.[1] Plaintiff never responded. Accordingly, this Court has determined that the facts stated below are undisputed and that the United States is entitled to judgment as a matter of law. Therefore, as shown below, the United States' Motion for Summary Judgment is GRANTED.

### UNDISPUTED FACTS

1. On May 17, 2007, Plaintiff Raymond Lee had surgery at the George E. Wahlen Department of Veterans Affairs Medical Center in Salt Lake City, Utah.[2]

2. On September 12, 2008, Mr. Lee filed an administrative tort claim with the Department of Veterans Affairs ("the VA") alleging that the May 17, 2007 surgery left him unable to walk due to negligence. Mr. Lee sought $20,000,000.00 in damages in his administrative claim.[3]

---

[1] Doc. No. 74.
[2] Doc. No. 59 at 2.
[3] Doc. No. 75, Exhibit A.

3. Mrs. Lee did not file her own administrative tort claim with the VA.

4. Plaintiffs filed this action on June 15, 2009.[4]

5. On December 1, 2010, this Court entered a scheduling order that set deadlines for the parties to exchange disclosures and to complete both fact and expert discovery.[5]

6. On March 24, 2011, Plaintiffs' legal counsel moved to withdraw because Mr. Lee had passed away, and counsel did not believe that Mr. Lee's unfortunate death was related to the May 17, 2007 surgery at the VA.[6]

7. Other than the United States providing its initial disclosures, no discovery—fact or expert—has been conducted in this action.

## STANDARD OF REVIEW

Under Fed.R.Civ.P. 56, "[s]ummary judgment is proper only if there is no genuine issue of material fact for determination, and the moving party is entitled to judgment as a matter of law. . . . We review the entire record on summary judgment . . . in the light most favorable to the party opposing summary judgment."[7]

---

[4] Doc. No. 2.
[5] Doc. No. 64.
[6] Doc. No. 65.
[7] *Durham v. Herbert Olbrich GMBH & Co.*, 404 F.3d 1249, 1250 (10th Cir. 2005) (quoting *Riley v. Brown & Root, Inc.*, 896 F.2d 474, 476 (10th Cir. 1990)).

## ANALYSIS

I. THE UNITED STATES IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFFS HAVE FAILED TO PROVIDE ANY EVIDENCE ESTABLISHING A DUTY, A BREACH THEREOF, CAUSATION, OR DAMAGES.

Plaintiffs have failed to produce any evidence to carry their burden of proof. Where, as here, Plaintiffs are faced with a motion for summary judgment, they must "'identify sufficient evidence requiring submission to the jury.' [They] cannot avoid summary judgment merely by presenting a scintilla of evidence to support [their] claim; [they] must proffer facts such that a reasonable jury could find in [their] favor."[8] To survive the United States' motion for a case such as this that involves allegations of medical malpractice, Plaintiffs must establish "(1) the standard of care by which the doctor's conduct is to be measured, (2) breach of that standard by the doctor, and (3) injury proximately caused by the doctor's negligence."[9] To prove the medical standard of care and a breach of that standard, the plaintiff is generally required to present expert medical testimony.[10] The plaintiff is excused from this requirement only if the propriety of the treatment is "within the common knowledge and experience of the layman."[11]

In the present case, Plaintiffs allege that healthcare providers at the VA violated the applicable standard of care by improperly damaging Mr. Lee's femoral nerves while performing

---

[8] *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1142 (10th Cir. 2009) (citations omitted).
[9] *Chadwick v. Nielsen*, 763 P.2d 817, 821 (Utah Ct. App. 1988).
[10] *Dalley v. Utah Valley Reg'l Med. Ctr.*, 791 P.2d 193, 195-96 (Utah 1990); *Chadwick*, 763 P.2d at 821.
[11] *Chadwick*, 763 P.2d at 821 (citing *Nixdorf v. Hicken*, 612 P.2d 348, 352 (Utah 1980) (excusing the plaintiff from the requirement of expert testimony where the defendant surgeon had left a surgical instrument in the plaintiff's abdomen and then failed to disclose that fact)).

3

surgery on an infected aortal bifemoral graft.[12] Because the standard of care for performing surgery on an infected aortal bifemoral graft is not within the common knowledge and experience of the layman, Plaintiffs must support their negligence claim with expert testimony. Also, Plaintiffs are required to present expert testimony to show causation.[13] However, Plaintiffs have failed to provide any evidence at all, much less expert opinion, regarding the standard of care, an alleged breach thereof, or causation.

This dearth of evidence is fatal to their claim. Under Fed.R.Civ.P. 26(a)(2)(A) and (B), parties are required to disclose the identity of each expert witness retained to testify at trial, and to provide a report setting forth each expert's opinions. These disclosures are required to be made "at the times and in the sequence that the court orders."[14] Plaintiffs' failure to timely submit an expert report bars them from presenting expert testimony at trial unless their failure to do so was "substantially justified or is harmless."[15] Indeed, it is difficult to conceive of a justification for failing to support their theory of liability with an expert opinion. Plaintiffs' Complaint alleges that Mr. Lee lost his ability to walk as a result of alleged acts or omissions that occurred almost five years ago. The Complaint has been on file for three years. Plaintiffs have had more than enough time to search for an expert medical opinion to support their claim.

This failure to provide any expert opinion is not harmless. The purpose of the expert disclosure provisions of Rule 26 is to allow the defendant to retain and prepare experts who will be able to respond to the plaintiff's experts at trial. Plaintiffs' failure to provide expert reports

---

[12] Doc. No. 2 at ¶¶ 12-14; Doc. No. 75, Exhibit A.
[13] *Butterfield v. Okubo*, 831 P.2d 97, 102 (Utah 1992); *Chadwick*, 763 P. 2d at 822.
[14] Fed.R.Civ.P. 26(a)(2)(D).
[15] Fed. R. Civ. P. 37(c)(1).

explaining their theory of liability and causation prevents the United States from preparing to respond to his theory at trial.

As a result of Plaintiffs' failure to comply with the expert disclosure requirements, they would not be allowed to present expert testimony at trial if there were to be one.[16] In the absence of expert opinion on the issues of the standard of care, breach, and causation, Plaintiffs have failed to provide any evidence to establish "facts such that a reasonable jury could find in [their] favor."[17] Therefore, the United States is entitled to summary judgment.

> II. THE UNITED STATES IS ENTITLED TO SUMMARY JUDGMENT ON ANY CLAIM THAT MRS. LEE PERSONALLY RAISES BECAUSE SHE FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

To the extent Ms. Lee brings any claims against the VA arising from Mr. Lee's surgery or post-operative care, the United States is entitled to judgment as a matter of law because she failed to exhaust her administrative remedies, which deprives this Court of subject-matter jurisdiction. The FTCA provides a limited waiver of sovereign immunity for suits for money damages arising out of the negligence of government agents. As a condition of the waiver of sovereign immunity, the FTCA requires that a would-be plaintiff exhaust his/her administrative remedies by first presenting a claim to the appropriate agency.[18] The purpose for requiring a plaintiff to first submit an administrative claim is to provide notice to the agency so that it can

---

[16] *See, e.g., Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 894-95 (10th Cir. 2006) (affirming the trial court's exclusion of the defendant's expert on the ground that the defendant disclosed the expert five months after the due date in the court's scheduling order); *Plascencia v. City of St. George*, 705 F. Supp. 2d 1276, 1281-82 (D. Utah 2010) (excluding expert testimony where plaintiff identified expert five months after the date specified in the scheduling order and produced expert report eight months after the date specified in the scheduling order).
[17] *Turner*, 563 F.3d at 1142 (citations omitted).
[18] 28 U.S.C. § 2675(a).

5

investigate the claim.[19]  In the Tenth Circuit, a plaintiff will be deemed to have exhausted his/her administrative remedies "as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought . . . ."[20]  This administrative claim must be presented to the agency within two years of the alleged injury or else the claim is "forever barred."[21]

      The undisputed facts show that Ms. Lee never submitted her own sum-certain claim for damages to the VA.  In fact, the only claim that was submitted to the VA was in the name of Raymond Lee.[22]  The administrative claim stated that Mr. Lee had lost the ability to walk and had experienced neuropathic pain as a result of the May 17, 2007 surgery.  Although Mrs. Lee is referenced as a "petitioner" in the narrative that accompanied the SF-95 form that was submitted to the VA, nothing on the SF-95 or the accompanying narrative provides any information that Mrs. Lee was seeking a claim against the VA or what her alleged damages were.  Five years have passed since the alleged negligence occurred, which means that Ms. Lee's claim is "forever barred."  Therefore, to the extent that Mrs. Lee is bringing her own claim, the United States is entitled to summary judgment.[23]

---

[19] *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852-53 (10th Cir. 2005).
[20] *Id.* at 852 (citation and quotations omitted).
[21] 28 U.S.C. § 2401(b).
[22] Doc. No. 75, Exhibit A.
[23] Additionally, any tort claim that Mrs. Lee raises on her own behalf is obviously tied to her late husband's claim of medical negligence.  However, as shown in section I. above, Plaintiffs cannot establish that theory because they lack any expert opinion.  Consequently, even if Mrs. Lee had exhausted her administrative remedies, any claim based on alleged medical negligence is foreclosed for want of expert opinion.

## ORDER

Based on the foregoing, this Court GRANTS the United States' Motion for Summary Judgment,[24] DISMISSES this action with prejudice, and ORDERS the Clerk of the Court to issue a final judgment in favor of the United States.

DATED this 26th day of June 2012.

_____
DAVID NUFFER, Judge
United States District Court

---

[24] Doc. No. 74.